THE PEOPLE'S SAVINGS BANK v. WILLIAM H. EBERTS, JOHN M. EBERTS, AND LENA HOWARD.

[See 70 Mich. 210; 76 Id. 35.]

*Res judicata.*

Where in a suit planted upon the theory that the complainant's title to the land in controversy is valid, and that the title claimed by defendant is void, and creates a cloud upon that of the complainant, the reverse of said claim is found by the court, and a decree is made accordingly, that question is *res judicata* in an action of ejectment brought by the defendant against the complainant's grantees, who purchased the land after the making of said decree.

Error to Wayne. (Hosmer, J.) Argued June 8, 1893. Decided July 25, 1893.

Ejectment. Defendants bring error. Affirmed. The facts are stated in the opinion.

*John Miner* (*Morgan E. Dowling,* of counsel), for appellants, contended:

1. The court erred in directing a verdict for the plaintiff on the ground that the decree in the Lafferty case was a bar to the defense in this suit; citing *Nims v. Vaughn,* 40 Mich. 356; *Gamble v. East Saginaw,* 43 Id. 367; *Blake v. Hubbard,* 45 Id. 1.

2. In the Lafferty case six questions were decided:

   *a*—That the statute gives an equitable lien to creditors.

   *b*—That the will of the testator gave a testamentary lien to creditors.

   *c*—That the filing of a residuary legatee's bond did not render nugatory the statutory and testamentary liens.

   *d*—That the bond of a residuary legatee is merely intended as additional security for creditors.

   *e*—That the testator, by the terms of his will, excluded his residuary legatee from taking anything until there should be a residue after the payment of his debts, and, as the debts exceeded the whole value of the estate, there was nothing for the residuary legatee to take.

   *f*—That the giving of a residuary legatee's bond does not close the estate; it merely excuses the executor from returning an inventory, and confers upon him the right to dispose of both the real and personal estate without being licensed.

   The Court will notice that all of the above questions bear directly upon the validity of Mrs. Lafferty's title, while, in the present case, all of the questions raised relate exclusively to the validity of the plaintiff's title, and none of these questions were decided in the Lafferty case.

3. The plaintiff will undoubtedly claim that the decision in the Lafferty case affirms its title. But this is not so. On page 60 the Court say: "Under the facts disclosed by this record, the complainant's claim constitutes a cloud upon the title of the purchaser at the administrator's sale." This is mere *dictum.* The Court did not pass upon the validity of plaintiff's title at all. Besides, it was held in the case of *Vroman v. Thompson,* 51 Mich. 461, that a decree on bill, answer, and evidence, in the absence of a cross-bill, where the bill is filed to set aside cloud on title, and the bill is dismissed, cannot affirm defendant's title.

*C. J. O'Flynn,* for plaintiff.

GRANT, J. The issues in this case are the same as those in *Lafferty v. People's Savings Bank,* 76 Mich. 35. The defendants in this case are the grantees of Martha Lafferty, the complainant in that suit, and are therefore her privies. After that case was decided, the plaintiff brought this action of ejectment against the defendants, who were in possession. In the present case each relies upon the same conveyances, the same proceedings, and the same facts as were those in the former suit. The issues and facts will be found fully stated in that opinion, and it is unnecessary to restate them now. That suit was planted upon the theory that Martha Lafferty had a good and valid title to the land in controversy, and that the title claimed by the People's Savings Bank, obtained under a sale authorized by the probate court, was void, and created a cloud upon her title. The title of the bank was there held valid, and Martha Lafferty's alleged title was held to constitute a cloud upon the title of the bank. The question is therefore *res judicata.* It is the well-settled rule that courts will not review former decisions made by the same court in the same cause, and on the same facts. *Hickox v. Railway Co.,* 94 Mich. 237, and authorities there cited.

Judgment affirmed.

The other Justices concurred.