## MYERS *v.* ERWIN.

1. LIMITATION OF ACTIONS—APPEAL AND ERROR—LAW OF THE CASE —JUDGMENT.

  Upon the second review of a cause in the Supreme Court a finding in the first appellate proceedings to the effect that there was evidence in support of the plaintiff's contention as to the statute of limitations is conclusive and will not be reconsidered upon a similar record.

2. SAME—PAYMENT—JOINT OBLIGATION.

  Payment by one of several joint obligors, without the authorization or consent of one of the others does not interrupt the running of the statute of limitations as to the latter: section 9745, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14152).

3. SAME.

  *Held*, also, that the court should have submitted to the jury the issues raised by the evidence of one of the defendants which tended to show that he had no knowledge of the alleged payments; and it was erroneous to direct a verdict for plaintiff on the theory that the claim was not barred by limitation of time under the statute.

Error to Muskegon; Sullivan, J.   Submitted January 23, 1914.   (Docket No. 100.)   Decided June 1, 1914.

Assumpsit by Henry E. Myers and Edwin F. Holmes as administrators of the estate of John L. Woods, deceased, against the Muskegon Improvement Company, George L. Erwin and others upon a promissory note.   From a judgment for plaintiff on a verdict directed by the court, defendant George L. Erwin brings error.   Reversed.

*Hatch, McAllister & Raymond,* for appellant.
*Clapperton, Owen & Hatten,* for appellees.

STEERE, J.  This action is brought by the administrators of John L. Woods, deceased, upon a promissory note given to him by the Muskegon Improvement Company, having been executed by G. L. Mason, as president, and George L. Erwin, as secretary, and indorsed by George L. Erwin, G. L. Mason, F. L. Holbrook, David D. Erwin, and F. A. Nims.

Defendants interposed a plea of the statute of limitations which was sustained on a former trial in the circuit court, and on review reversed by a decision of this court reported in 169 Mich. 689 (135 N. W. 949), to which reference is made for a statement of the case and questions then passed upon.

Following the former decision by this court, application was made for a rehearing; one of the grounds urged being that certain facts were found and stated as a basis of the opinion which were not supported by the record.  The application was denied.  It is again urged that the evidence in this case does not sustain certain of the material facts found, and, if there is any testimony in the record so tending, there was also testimony to the contrary presenting disputed questions of fact; and on the second trial, in which a jury was demanded, those questions were for the jury.

On a retrial at circuit before a jury, the learned circuit judge directed a verdict for plaintiff, saying, after reviewing the testimony:

"Now, what I have said shows you that here is the same case, it is the same facts, and there is nothing left for the court or jury to do excepting to follow the law of that case, and that was  *   *   *   that the statute of limitations did not operate to bar the claim of the plaintiff."

The evidence is the same here as on the former trial, with the addition of the testimony of George L. Erwin, who is the only appealing defendant.  He was not a witness upon the first trial.

Much of defendant's brief is devoted to a reargu-

ment of the questions raised and argued in the case when here for review of the first trial, had before the court without a jury. The conclusions reached on the record then made and then before this court cannot now be reconsidered nor disturbed. Then all questions of fact as well as of law were before the court, and it was determined that the record contained evidence, though upon some points perhaps but inferential, to sustain and justify the result arrived at.

It is undisputed that the statute of limitations had run against this note, unless it is relieved from the force of said statute by one or more of the last three payments, discussed in the former opinion, and those payments would not stop the statute running in favor of appellant unless she is shown, either by inferential or direct evidence, to have consented to or authorized the same. A new promise will not be implied from a partial payment made by another under such circumstances as will preclude such inference.

The records of both cases show that, though he was a payor, the business of collecting and remitting payments, collected from collateral given to secure this note, was attended to chiefly by David D. Erwin, of the law firm of Nims, Hoyt, Erwin, Sessions & Vanderwerp. The payment of $82.23 was remitted by said firm, as shown by its letter dated February 20, 1904, sent with the remittance to plaintiffs. F. A. Nims, of said law firm, in seeking to avoid the effect of said payments, testified that he knew nothing about the collateral given with, nor of the payment made upon, such note. It was the opinion of this court when reviewing the first trial that, upon the record then made and considered in its entirety, Nims should be held to have known of and authorized such payments. On the second trial, by jury, the trial court held, as a matter of law, that appellant, "who testifies to the same facts, that he knew nothing about the payments that are indorsed upon the note and which it

was alleged by the plaintiff in this case took it out of the statute of limitations," could not escape liability inasmuch as this court had previously held that a new promise should be implied by reason of such payments as to all defendants, including Nims.

Appellant, George L. Erwin, who was not a witness nor present at the former trial, here testified that he was never a member of nor connected with the law firm of which David D. Erwin and F. A. Nims were members and knew nothing about their transactions with John L. Woods, whom witness had never seen and did not know personally; that the Muskegon Improvement Company failed, turned over all its remaining property to trustees, held no more meetings, and went out of business in 1894, at which time he severed his connection with the concern; that he had been absent from Muskegon most of the time for 12 or 13 years and supposed the improvement company's matters were all closed up; that he had no interest in the collateral given to secure the note in question nor in any surplus which might arise therefrom after such note was paid; that he had no knowledge David D. Erwin made any collections on such collateral or any payments on said note subsequent to 1894, and had never, directly or indirectly, authorized or consented to the payments in question.

These were statements of fact not in the previous record. If they are true, the payments in question made by David D. Erwin without appellant's knowledge or consent would not deprive the latter of claiming the benefit of the statute of limitations which by his plea he has sought refuge under. Section 9745, 3 Comp. Laws (5 How. Stat. [2d. Ed.] § 14152); *Rogers* v. *Anderson*, 40 Mich. 290; *Gates* v. *Fisk*, 45 Mich. 522 (8 N. W. 558); *Borden* v. *Fletcher's Estate*, 131 Mich. 220 (91 N. W. 145).

There is evidence in this record, some of it documentary, tending to negative appellant's testimony,

but the conflicting testimony raised issues of fact in the case which were not for the court to decide in a jury trial, and which should have been submitted to the jury under appropriate instructions as to their legal significance and directions as to what verdict should be rendered according as the jury might determine the facts.

The judgment is reversed, and a new trial granted.

McALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and MOORE, JJ., concurred.