THE VOGUE v SHOPPING CENTERS, INC (ON REMAND)

Docket No. 78-2500. Submitted June 30, 1978, at Lansing.—Decided September 21, 1978.

Plaintiff, The Vogue, brought an action for damages for breach of contract and loss of profits sustained because of a delay in opening the plaintiff's new store in a shopping center owned by defendant, Shopping Centers, Inc. The Genesee Circuit Court, Donald R. Freeman, J., entered a judgment for the plaintiff on the jury's award of $27,000 for loss of profits. Defendant appealed. The Court of Appeals reversed and remanded for entry of a judgment for defendant on the ground that the evidence of lost profits for a new store was too speculative to support the damages awarded, 58 Mich App 421 (1975). Upon the plaintiff's application for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, remanded to the Court of Appeals for reconsideration, 397 Mich 886 (1976). The Court of Appeals, on remand, adhered to its previous opinion in an unpublished per curiam opinion. Plaintiff again sought leave to appeal. Denied, 400 Mich 824 (1977). Thereafter reconsideration was granted and leave to appeal was granted, 401 Mich 824 (1977). The Supreme Court reversed the decision of the Court of Appeals, reinstated the judgment for the plaintiff, and remanded to the Court of Appeals for consideration of issues not reached in the earlier decisions, 402 Mich 546 (1978). On remand, *held:*

The trial judge's instructions regarding the measure of damages to be awarded were inadequate to resolve the question of the measure of damages to be awarded. The object of the measure of damages in a breach of contract suit is to place the injured party in as good a position as he would have been in if the promised performance had been rendered.

Affirmed.

DAMAGES—CONTRACTS—BREACH OF CONTRACT—OBJECT OF DAMAGES.

The object of the measure of damages in a breach of contract suit is to place the injured party in as good a position as he would have been in if the promised performance had been rendered.

REFERENCE FOR POINTS IN HEADNOTE
22 Am Jur 2d, Damages § 46.

*Rubenstein, Pruchnicki & Chittle,* for plaintiff.

*Honigman, Miller, Schwartz & Cohn* (by *Avern Cohn* and *Edward F. Kickham,* of counsel), for defendant.

Before: DANHOF, C.J., and BASHARA and ALLEN, JJ.

ON REMAND

PER CURIAM. The matter is again returned to us by remand from the Michigan Supreme Court, 402 Mich 546; 266 NW2d 148 (1978). The order of the Supreme Court reversed the decision of this Court, and reinstated the judgment for the plaintiff. Plaintiff had, by jury verdict, received an award of $27,000 for lost profits.

The Supreme Court, in reinstating the judgment on the verdict, ordered that the matter be remanded to the Court of Appeals for "consideration of issues not reached in its earlier decisions". The opinion of the Supreme Court emphasized that its earlier decision in *Fera v Village Plaza, Inc,* 396 Mich 639; 242 NW2d 372 (1976), held that lost profits could be recoverable where plaintiffs' proofs were sufficient to support the jury verdict.

The Court further found that reasonable minds could disagree as to the adequacy of plaintiff's proof as to lost profits, and that we improperly invaded the jury's determination of fact.

Given this background, we are hard put to determine what issues raised by the parties were not resolved, either by the jury's verdict or the opinion of the Supreme Court.

The only possible area of doubt could be that of the measure of damages to be awarded. In *Allen v*

*Michigan Bell Telephone Co,* 61 Mich App 62, 68; 232 NW2d 302 (1975), *lv den* 395 Mich 793 (1975), we said:

"The object of the measure of damages in a breach of contract suit is to place the injured party in as good a position as he would have been in if the promised performance had been rendered."

A review of the record shows that the trial judge's instructions, approved by the Supreme Court in this matter, adequately resolved the question.

Accordingly, we affirm the judgment of the trial court and assess costs to the plaintiff appellee.