DENNY'S AUTO AND TOWING, INC v MICHIGAN BELL
TELEPHONE COMPANY

Docket No. 62373. Submitted March 2, 1983, at Grand Rapids.—
Decided November 8, 1983. Leave to appeal denied, 419 Mich
—.

Denny's Auto and Towing, Inc., filed suit against Michigan Bell
Telephone Company in Kent Circuit Court seeking damages for
lost profits and mental anguish allegedly arising out of defen-
dant's negligent, grossly negligent, and reckless omission of
plaintiff's telephone number and listing from both the white
and blue pages of the Grand Rapids metropolitan area phone
directory for the year 1979-1980 after the number and listing
had been previously included in defendant's directory. Defen-
dant moved for summary judgment claiming that primary
jurisdiction was with the Michigan Public Service Commission
and that the commission's duly filed and published tariff pre-
cluded liability beyond the specific charge, if any, made for the
listing. The court, George V. Boucher, J., denied the motion for
summary judgment. Defendant appealed by leave granted.
*Held:*
    Although the tariff limiting defendant's liability for errors
and omissions in its own directories is based on important
public policy considerations and is validly promulgated by the
MPSC, binding precedent, which holds that a plaintiff's cause
of action which is based upon a claim that a utility has violated
MPSC promulgated tariffs or codes or covers some action by the
utility outside the regulations of the MPSC is properly brought
in a court of general jurisdiction, is persuasive in the absence
of other standards. While the contractual obligations of the
parties may be determined by the rules, tariffs and regulations
of the MPSC, such is not the case with regard to tortious
conduct. The trial court's denial of defendant's motion for
summary judgment should be affirmed.
    Affirmed.

1. COURTS — PUBLIC SERVICE COMMISSION — PUBLIC UTILITIES —
    TARIFFS — REGULATIONS.
    A court of general jurisdiction is the proper forum if a plaintiff's

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 64 Am Jur 2d, Public Utilities § 15.

cause of action is based upon a claim that a utility has violated Michigan Public Service Commission promulgated tariffs or codes or if the claim covers some action by a utility outside the regulation of the Michigan Public Service Commission.

2. Torts — Courts — Public Utilities.
   The proper forum for a claim against a utility sounding in tort is a court of general jurisdiction of this state.

*Idema & Pawlowski* (by *George E. Pawlowski),* for plaintiff.

*Wheeler, Upham, Bryant & Uhl* (by *Susan B. Flakne),* for defendant.

Before: D. E. Holbrook, Jr., P.J., and D. F. Walsh and J. C. Kingsley,* JJ.

Per Curiam. Defendant appeals by leave granted from the denial of its motion for summary judgment pursuant to GCR 1963, 117.2(1). The facts in the case disclose that plaintiff's telephone number and listing were omitted from both the white and blue pages of the Grand Rapids metropolitan area phone directory for the year 1979-1980 after having been previously listed therein. The defendant's answer set forth affirmative defenses claiming that, *inter alia,* primary jurisdiction was with the Michigan Public Service Commission (MPSC) and that the MPSC's "duly filed and published tariff preclude[s] liability".

In Count I of its complaint, the plaintiff alleged negligence on the part of the defendant as follows:

"5. That for the phone directory year of 1979-1980 defendant did negligently and recklessly delete plaintiff's phone number from both the white and blue pages of the directory.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"6. That upon information and belief, sometime in 1977 defendant switched over to a computer system for handling the listing of services in the aforementioned directory.

"7. That in the 1978-1979 directory year, by virtue of the computer switch-over, defendant incurred a substantial and dramatic increase in its errors and omissions in its directory services.

"8. That defendant did negligently and recklessly fail to cure or correct the basis for the substantial rise in errors and admissions *[sic]* for the 1979-1980 directory."

Plaintiff claimed that as a result of such actions it lost profits, good will and clientele, and suffered mental anguish and distress, all of which exceeded $10,000 in damages. Defendant left plaintiff to its proof regarding the omission of the telephone number, but specifically denied any negligence or recklessness on its part. Count II of the complaint alleged a "quasi-fiduciary" duty owed plaintiff by defendant and that defendant had breached this duty, causing plaintiff to suffer damages as set forth above.

Defendant claimed that plaintiff had failed to state a claim on which relief could be granted based on the fact that the MPSC tariffs limited its liability to the amount of the specific charge, if any, made for the listing. Plaintiff argued that reimbursement of the nominal charge made for the listing would not begin to compensate for the losses sustained and that it had the right to pursue its negligence claim in court.

The learned trial judge concluded that the published appellate decisions reflected "marked hesitance to accept the proposition that unilateral utility company filings and administrative rulings are sufficient to foreclose consideration by courts of actual damages suffered as the result of tortious

activities". He therefore denied the motion for summary judgment.

The jurisdiction of the MPSC to regulate public utilities, including telephone companies, is found in MCL 460.6; MSA 22.13(6). The specific grant of power to regulate originated in the telephone company act, MCL 484.101; MSA 22.1441. This act gave the Michigan Railroad Commission the same jurisdiction and powers over all "telephones, telephone lines and telephone companies within the state" as it had previously enjoyed over railroad companies. MCL 484.102; MSA 22.1442. The Michigan Railroad Commission was subsequently abolished and its functions were transferred to the Michigan Public Utilities Commission. See MCL 460.53, 460.101; MSA 22.3, 22.81. In 1939, the utilities commission was abolished and its functions were transferred to the MPSC by MCL 460.4; MSA 22.13(4). Through these acts, the MPSC is charged with the authority to "make, alter, amend, or abolish a rate or charge for any service, and may regulate by rule or order any service or facility". MCL 484.103; MSA 22.1443.

The MPSC has established 1979 AC, R 460.1960(3), which provides:

"(3) The telephone utility is not liable for errors in or omissions from directories except in cases where a specific charge has been made for a listing; in no event shall the liability for such error or omission be beyond the amount of the specific charge."

Defendant argues that this tariff clearly limits its liability for failing to include plaintiff's listing and thus prohibits plaintiff from proceeding further in court.

In the case of *Allen v Michigan Bell Telephone Co,* 61 Mich App 62; 232 NW2d 302 (1975), the

defendant failed to include the plaintiff's listings and advertisements in its 1963 Yellow Pages. The contract involved limited liability for damages resulting from failure to include the advertising to the agreed price for such advertising. The Court of Appeals felt constrained to uphold its prior ruling in the case (18 Mich App 632; 171 NW2d 689 [1969]) that the disclaimer clause was unconscionable and thus unenforceable, but stated:

"While the author of this opinion might have decided the issue in the prior appeal differently, that decision must be treated as the law of the case. We believe defendant's assertions that its exculpatory clause is valid should be addressed to the Supreme Court. We note that the Supreme Court in denying leave to appeal of the former decision stated: 'Denial of leave is not to be taken as tacit or other agreement with all the reasoning of the majority opinion below'." (Footnote omitted.) 61 Mich App 66.

In the case of *Hunter v General Telephone Co,* 121 Mich App 411; 328 NW2d 648 (1982), the plaintiff sought damages from the defendants for loss of profits resulting from alleged negligence in directory assistance services rendered to the plaintiff's potential customers by the defendants' agents and employees. The defendants claimed exclusive jurisdiction of the claim was vested in the MPSC and that liability was limited and controlled by the MPSC tariffs comparable to the tariff set forth above. Relying on said tariffs, the trial court granted partial summary judgment for the defendants on the ordinary negligence claim, but allowed the jury to determine whether there was wanton and wilful misconduct on the part of the defendants or if the defendants engaged in intentional interference with the plaintiff's business relations. The jury returned a verdict of no cause

of action, and judgment was entered for the defendants.

The Court of Appeals reversed the trial court's grant of partial summary judgment, stating:

"We have carefully considered the parties' arguments and, from a policy standpoint, we are persuaded that defendants' claims that their liability in this case should be governed by the tariffs and regulation are sound. On the authority of binding precedent, however, we must reverse entry of partial summary judgment for defendants and remand for trial on plaintiff's theory of ordinary negligence." *Hunter,* p 417.

The "binding precedent" on which the Court relied was found in *Harbaugh v Citizens Telephone Co,* 190 Mich 421; 157 NW 32 (1916), *Muskegon Agency, Inc v General Telephone Co of Michigan,* 350 Mich 41; 85 NW2d 170 (1957), and *Valentine v Michigan Bell Telephone Co,* 388 Mich 19; 199 NW2d 182 (1972). In the *Valentine* decision, the Supreme Court stated:

"If a plaintiff's cause of action is based upon a claim that the utility has violated Public Service Commission promulgated tariffs or codes, or if the claim covers some action by the utility outside of the regulations of the Public Service Commission, a court of general jurisdiction is the proper forum. * * * Any claim based upon the contractual obligation of the parties is limited to validly promulgated provisions of the tariff or code within the authority of the Public Service Commission * * *. While the contractual obligations of the parties may be determined by the rules, tariffs and regulations of the Public Service Commission, such is not the case with regard to tortious conduct. *Harbaugh, supra,* and *Muskegon Agency* cases, *supra,* have clearly established that the proper forum for a claim sounding in tort is a court of general jurisdiction of this state." 388 Mich 25-26.

Having set forth the right of access to a court of general jurisdiction in regard to alleged tortious conduct, the Supreme Court affirmed the trial court's decision that the plaintiff had failed to set forth a cause of action cognizable by the court. In doing so, the Court stated:

"A claim that sets forth facts showing a plaintiff suffered damage as a result of a violation of the tariffs and regulations can be entertained by a court of general jurisdiction, or a claim in tort that sets forth facts which would constitute tortious conduct to the injury and damage of the claimant can also be filed in a court of general jurisdiction." 388 Mich 30.

In addition to the portions of plaintiff's complaint asserting negligence on the part of defendant, plaintiff described the alleged negligent and reckless conduct in its answer to interrogatories as follows:

"15. Please describe in detail how defendant was 'negligent and reckless' as referred to in paragraph 8 of Count I of the complaint.

"Plaintiff had both written and oral agreements with the telephone company for which he paid consideration to make the subject listings. Michigan Bell unexplicitly *[sic]* did not make such listings. Such absurd results can only be achieved by gross negligence or recklessness evidenced by the fact that Michigan Bell cannot now explain or will not explain how the blunder occurred."

We are not prepared to say plaintiff has either failed to plead or will be unable to plead following discovery a proper action sounding in tort.

We recognize that the tariff limiting defendant's liability for errors and omissions in its own directories is based on important public policy considerations and was validly promulgated by the MPSC.

Based on the "binding precedent" discussed in the *Hunter* decision, however, we are persuaded that the decision of the trial court should be affirmed.

It seems clear that the issue of the applicability of the MPSC tariffs to alleged tortious conduct on the part of a regulated utility needs to be examined further and clarified. Whether the MPSC can properly limit liability regarding errors and omissions in the directory required to be furnished by defendant must be resolved under standards set forth by the Supreme Court. We therefore respectfully invite the Supreme Court to clarify the significance of its holding in *Valentine* in light of the extensive discussion and divergence of opinion regarding jurisdiction of the MPSC and tariff applicability in cases such as this.

Affirmed.