BODY RUSTPROOFING, INC v MICHIGAN BELL TELEPHONE
COMPANY

Docket No. 79098. Submitted November 14, 1985, at Detroit.—Decided
February 19, 1986.

Plaintiff, Body Rustproofing, Inc., is engaged in the business of
automobile rustproofing. The Michigan Area Ziebart Dealers
Association (MAZDA), of which plaintiff was a member, had a
contract with defendant, Michigan Bell Telephone Company,
for the publication of advertisements in defendant's suburban
Detroit yellow pages. Because of defendant's error, MAZDA's
advertisement was omitted from the 1980-1981 suburban De-
troit telephone directories. MAZDA and defendant entered into
a settlement. However, plaintiff filed suit in Wayne Circuit
Court seeking damages for defendant's omission of the yellow
pages advertisement. The jury returned a verdict of no cause of
action. The circuit court, Charles S. Farmer, J., denied plain-
tiff's motion for a new trial. Plaintiff appealed. *Held:*

1. The circuit court erred by giving an instruction to the jury
which required plaintiff to do something virtually impossible, to
wit, establish as a measure of its damages the exact percentage
of profits attributable to the advertisement in the year in which
the advertisement had not been omitted. Plaintiff presented to
the jury all the other various contingencies which probably
affected the profits for that year and the year in issue so as to
allow the matter of damages to go to the jury.

2. The Court of Appeals was not convinced that the jury's
verdict might not have been different absent the erroneous
instruction, and therefore reversed the jury's verdict and re-
manded the case for a new trial.

3. The circuit court did not commit an error by giving an

REFERENCES

Am Jur 2d, Contracts §§ 441-447.
Am Jur 2d, Damages §§ 171-178.
Am Jur 2d, Trial §§ 623, 651, 652, 655, 746.
Recovery based on tortfeasor's profits in action for procuring breach
of contract. 5 ALR4th 1276.
See also the annotations in the ALR3d/4th Quick Index under
Contracts; Instructions to Jury.

instruction after the jury had retired for deliberation. The instruction was inadvertently omitted from the court's main charge and therefore was not repetitive or given undue emphasis.

Reversed.

1. TRIAL — JURY INSTRUCTIONS.

A trial court must give a properly requested jury instruction when it accurately states the law and is warranted by the evidence.

2. TRIAL — JURY INSTRUCTIONS.

It is improper for a court to instruct a jury on an issue which is not sustained by the evidence.

3. DAMAGES — CONTRACTS — BREACH OF CONTRACT.

The object of damages in a breach of contract suit is to place the injured party in as good a position as he would have been in if the promised performance had been rendered.

4. DAMAGES — CONTRACTS — BREACH OF CONTRACT — LOST PROFITS.

Lost profits, if properly proved, are a proper element of damages in a suit for breach of contract; however, before lost profits are recoverable there must be a reasonable degree of certainty for the calculations as opposed to their being conjectural or speculative.

5. DAMAGES — TRIAL — JURY.

The law does not require impossibilities and does not require a higher degree of certainty than the nature of a case permits; therefore, when the nature of a case permits only an estimation of damages or a part of the damages with certainty, it is proper to place before the jury all the facts and circumstances which have a tendency to show their probable amount.

6. APPEAL — JURY INSTRUCTIONS.

The giving of an erroneous jury instruction requires reversal where, without the instruction, the result might well have been different.

*Metry, Metry & Sanom* (by *Samuel T. Sanom*), for plaintiff.

*Patricia Irving Cwiek* for defendant.

Before: GRIBBS, P.J., and HOOD and A. T. DAVIS,*
JJ.

PER CURIAM. Plaintiff appeals as of right from a
jury verdict of no cause of action.

The Michigan Area Ziebart Dealers Association
(MAZDA), a nonprofit corporation of which plain-
tiff, Body Rustproofing, Inc., was a member, had a
contract with defendant, Michigan Bell, for the
publication of advertisements in defendant's sub-
urban Detroit yellow pages directories under the
headings of "automobile undercoating and rust-
proofing" and "rustproofing". In the year 1980-
1981, MAZDA's advertisements were omitted from
the suburban directories because of an error on
defendant's part.

After the omission was discovered, defendant
entered into settlement negotiations with Oswald
Denys, MAZDA's representative. Denys ultimately
sent a letter dated August 28, 1980, to defendant
regarding the terms and conditions of a settlement
that MAZDA deemed acceptable. Defendant pur-
portedly accepted these terms in a letter dated
June 4, 1981.

At trial, plaintiff produced testimony to the
effect that it was not bound by the settlement
entered into between MAZDA and defendant. Don
Wilson, vice-president and treasurer of plaintiff,
Body Rustproofing, Inc., testified that he sent a
letter to defendant dated May 20, 1980, concerning
the omission and asking defendant to contact
plaintiff's attorneys to negotiate a settlement. As a
member of MAZDA, Wilson was aware of MAZ-
DA's proposed settlement because he was present
at a MAZDA meeting on August 27, 1982, when
the terms and conditions were discussed. Regard-
less of MAZDA's settlement offer, plaintiff chose to

* Circuit judge, sitting on the Court of Appeals by assignment.

commence a lawsuit against defendant in April of 1981.

Deny's, MAZDA's representative, testified that at a meeting on August 27,. 1980, MAZDA's members agreed on the terms and conditions of a settlement to be offered to defendant. One of the conditions agreed upon was that any member of MAZDA who wished to sue defendant individually would be able to do so. In the letter to defendant dated August 28, 1980, Denys advised defendant of the terms and conditions MAZDA deemed acceptable for settlement but did not mention the provision that members were free to sue defendant individually. Denys testified that he did not include notice of this condition because he assumed defendant was already aware that plaintiff intended to sue. Denys stated that he was unsure whether defendant had accepted MAZDA's offer until he received defendant's letter dated June 4, 1981. Even then, he was unsure because defendant's letter did not conform to what he understood the settlement to be.

Defendant sought to prove that it accepted the terms of MAZDA's proposed settlement and that it had fulfilled all the terms therein. It further sought to prove that MAZDA was plaintiff's agent and that plaintiff was therefore bound by the settlement and precluded from bringing the instant suit.

Both parties submitted evidence on the issue of damages. Through the testimony of Wilson, evidence was introduced of a decline in plaintiff's profits for the year 1980-1981, when the ads were omitted, as compared to the previous year, when the ads had been published in the directory. Wilson testified that because plaintiff's profits were directly related to the number of new cars produced every year, the decline in profits for 1980-

1981 must be adjusted downward by 16% to compensate for the decrease in new car registrations for the Detroit area in that year.

Wilson indicated that after the omission, substitute advertising was utilized in the form of radio, newspaper and magazine advertisements. Television advertising was also utilized, but it was not effective because it did not list the location of Ziebart representatives or their telephone numbers. Wilson indicated that when he asked customers in casual conversation what caused them to come to Ziebart, the most common answers were the yellow pages and television. Wilson estimated that as much as 50% of the loss of sales in 1980-1981 was due to the omission in the yellow pages.

Defendant introduced evidence to the effect that plaintiff's loss of profits in 1980-1981 was due to the decrease in new car sales and the increase in the price of the services which plaintiff was selling. Defendant's position was that plaintiff had not established any loss attributable to the omission of the ads.

After the close of proofs and final arguments, the jury returned a verdict of no cause of action. Plaintiff filed a motion for new trial based on the giving of an allegedly erroneous jury instruction requested by defendant. This motion was denied.

The sole issue on appeal is whether the giving of defendant's requested jury instruction was erroneous. The instruction in substance is as follows:

"To the extent that the plaintiff relies upon prior years of sales compared with the subject year's sales to determine the loss of business or profits, plaintiff must have shown the extent to which the prior year's sales were derived from classified directory advertising."

We agree that the giving of the instruction was erroneous in this case.

A trial court must give a properly requested jury instruction when it accurately states the law and is warranted by the evidence. *AAMCO Automatic Transmissions, Inc v Motor Trans, Inc,* 45 Mich App 539; 207 NW2d 156 (1973); *lv den* 389 Mich 817 (1973); *Young v E W Bliss Co,* 130 Mich App 363, 371; 343 NW2d 553 (1983). It is error to submit to a jury an instruction on an issue which is not sustained by the evidence. *Jaworski v Great Scott Supermarkets, Inc,* 403 Mich 689; 272 NW2d 518 (1978); *AAMCO v Motor Trans, Inc, supra.*

The disputed instruction in this case went to the issue of damages. The measure of damages for a breach of contract such as the one at bar is that which would place the injured party in as good a position as he would have been in if the promised performance had been rendered. *Ambassador Steel Co v Ewald Steel Co,* 33 Mich App 495; 190 NW2d 275 (1971); *Dierickx v Vulcan Industries,* 10 Mich App 67; 158 NW2d 778 (1968); *Allen v Michigan Bell Telephone Co,* 61 Mich App 62, 67-68; 232 NW2d 302 (1975), *lv den* 395 Mich 793 (1975). Lost profits, if properly proven, are an appropriate element of damages. *Brodsky v Allen Haijosh Industries, Inc,* 1 Mich App 591; 137 NW2d 771 (1965); *Allen v Michigan Bell, supra.* Before lost profits are recoverable, they must be proven with a reasonable degree of certainty as opposed to being based on mere conjecture or speculation. *Allen v Michigan Bell, supra,* pp 68-69; *The Vogue v Shopping Centers, Inc,* 58 Mich App 421; 228 NW2d 403 (1975).

However, "[t]he law does not require impossibilities" and does not require a higher degree of certainty than the nature of the case permits. *Allison v Chandler,* 11 Mich 542, 554 (1863); *Muskegon Agency, Inc v General Telephone Co of Michigan,* 350 Mich 41, 50-51; 85 NW2d 170 (1957).

Therefore, when the nature of a case permits only an estimation of damages or a part of the damages with certainty, it is proper to place before the jury all the facts and circumstances which have a tendency to show their probable amount. *Allison v Chandler, supra,* pp 554-555. In order for past profits to be safely taken as a measure of future profits, all the various contingencies by which such profits would probably be affected should be taken into account by the jury and allowed such weight as the jury, in the exercise of good sense and sound discretion, believes they are entitled to. *Allison v Chandler, supra,* p 560.

In the case at bar, the requested instruction was allegedly based upon this Court's decision in *Allen v Michigan Bell, supra.* We note that the language of the instruction given by the trial court does not appear in the *Allen* case. We also conclude, upon revisiting that decison, that *Allen* does not support the disputed instruction here. *Allen* reiterates the general proposition that an award of damages must be made with reasonable certainty. The instant instruction, rather than successfully paraphrasing this proposition, indicates that damages can only be awarded upon proofs of exactitude.

Moreover, we perceive that the giving of the disputed instruction was erroneous in this case. Our conclusion is first based on the fact that no direct evidence was introduced in plaintiff's case bearing upon the exact percentage of sales in 1979-1980 that were derived from advertising in the yellow pages. Indeed, when plaintiff sought to introduce evidence to this effect through the testimony of a Ziebart representative, the testimony was excluded by the trial court on the basis that a sufficient foundation could not be laid given the various contingencies affecting the sales in general for that year. It further appears that plaintiff

could not possibly meet the burden of proof established by the instruction as there was evidence submitted that plaintiff had not conducted a formal survey of all its customers in the year 1979-1980 to pinpoint the source of its customer's attraction.

Our review of the instructions in their entirety lead us to conclude that the disputed instruction placed a burden on plaintiff of impossibility as to the issue of damages and implied that no damages could be awarded if plaintiff could not meet that burden. Such is not the law.

Plaintiff was only required to establish its damages with the certainty that the nature of the case permitted. Plaintiff was not further required to establish as a measure of damages the exact percentage of profits from the year in which the advertisement had not been omitted, so long as all the other various contingencies which probably affected the profits for that year and the year in issue were presented to the jury. This having been done in the case at bar, plaintiff had submitted proofs as to the issue of damages which were sufficiently reasonably certain so as to allow the issue to go to the jury.

Since a general verdict form was used in this case, we are unable to determine the basis for the jury's verdict and whether the jury actually reached the issue of damages. While not all instructional error requires reversal, reversal is mandated where the result might well have been different without the error. *Slayton v Michigan Host, Inc,* 144 Mich App 535, 544; — NW2d — (1985). We are not convinced that the jury's verdict might not have been different absent the erroneous instruction, and therefore reverse the jury's verdict and remand this cause for a new trial.

Plaintiff also claims that the instruction received undue emphasis because it was the only instruction given to the jury after they had retired for deliberations. We are not persuaded by this argument. Such a practice is common and within the trial court's discretion. MCR 2.516(B)(4). Where, as here, the instruction was not repetitive and it is clear that the instruction was inadvertently omitted from the trial court's main charge, we find no error in the manner in which it was presented.

Reversed.