223 N.J. Super. 1 (1988)
537 A.2d 1307
JOHN TANNOCK, T/A JOHN TANNOCK STUDIOS, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
NEW JERSEY BELL TELEPHONE COMPANY, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 7, 1987.
Decided January 28, 1988.
*2 Before Judges J.H. COLEMAN and HAVEY.
Michael J. McKenna, argued the cause for appellant-cross-respondent.
*3 Charles A. Sweeney, argued the cause for respondent-cross-appellant.
Douglas S. Eakeley argued for intervenor, National Telephone Directory Corporation (Riker, Danzig, Scherer, Hyland & Perretti, attorneys, William F. Hyland of counsel; Douglas S. Eakeley and David W. Garland, on the brief).
PER CURIAM.
Plaintiff, an aerial photographer, instituted this action against defendant for consequential damages arising out of defendant's breach of an advertisement contract. In an opinion published at 212 N.J. Super. 506 (Law Div. 1986) summary judgment was granted to plaintiff on the issue of liability. At the conclusion of plaintiff's evidence in a jury trial on the issue of damages, the trial judge ruled that plaintiff had failed to establish a prima facie case. Final judgment was entered dismissing the complaint. Plaintiff has appealed and defendant has cross-appealed.
The facts essential to our decision are not in dispute. In February 1983 plaintiff contracted with defendant to run an advertisement in the yellow pages of the telephone directories circulated in Camden and Burlington Counties. The advertisement was to be listed under the heading "Photographers  Aerial." The advertisement in both directories was to read:
 JOHN TANNOCK PHOTOGRAPHY
 F.A.A. Licensed - P.P. of A. Certified
 400 State Hwy. No. 38
 MplShd ................... 482-1022
The advertisement was listed incorrectly in both directories:
 Burlington Directory
 JOHN TANNOCK PHOTOGRAPHY
 F.A.A. Licenses - P.P. of A. Certified
 400 State Hwy. No. 38
 MplShd ................... 482-1022
*4
 Camden Directory
 JOHN TANNOCK PHOTOGRAPHY
 For You Who Desire Something Better
 400 State Hwy. No. 38
 MplShd ................. 482-1022
Both advertisements ran under the heading of "Photographers  Aerial." The letters F.A.A. mean Federal Aviation Administration and the letters P.P. of A. mean Professional Photographers of America. The Burlington advertisement contains a spelling error listing "licenses" instead of "licensed." The phrase, "For You Who Desire Something Better," was inserted by defendant's sales representative in the Camden directory without plaintiff's authorization.
Plaintiff argued below that the mistakes in the aerial photography advertisement for the Camden directory resulted in lost profits for his business. He testified that without the information about his license and certification, people looking at the advertisement would not know that he was a pilot and a skilled photographer rather than someone who merely took pictures from an airplane. Plaintiff testified that the line, "For You Who Desire Something Better," was misleading. He contended that the printed advertisement improperly suggested creativity whereas aerial photography is documentation of what exists. During the trial, plaintiff presented evidence designed to establish his theory of lost profits based on a comparison of 1982-83 with 1983-84 customers and income. In his answers to defendant's interrogatories, he explained his theory as follows:
Plaintiff seeks damages representing lost profits by virtue of defendant's acts for the year covering the yellow pages in question. In (1982-83) eleven new clients were obtained in aerial photography. Of these, Camden County produced ten, Burlington County one for a total revenue of $7,400.00. In the current year (1983-1984) plaintiff has obtained only three new clients in aerial photograph, two from Burlington County and one from Camden County for a total of revenue of $3,314.00.
In 1982 plaintiff also had an advertisement in the yellow pages of the directories published for Camden and Burlington Counties as an aerial photographer. In those advertisements, *5 however, plaintiff did not include his F.A.A. license and P.P. of A. certification because he was not then licensed or certified. After comparing 1982-83 with 1983-84, plaintiff contended that the reduction in the Camden new aerial photography customers from ten in 1982-83 to one in 1983-84 caused a loss of profits attributable to the incorrect advertisement. His accounting expert, Anthony Bertolino, explained the amount of the monetary loss based on a comparison of 1982-83 with 1983-84.
In this appeal, plaintiff argues that the involuntary dismissal at the end of his case was improper because sufficient credible evidence had been presented to sustain a verdict in plaintiff's favor. Plaintiff argued at trial and again in this appeal that defendant breached the advertisement contract in two particulars: (1) the incorrect insertion of creative material in a technical specialty, and (2) the incorrect deletion of important licensing data. The trial judge ruled that the evidence and reasonable inferences to be drawn therefrom were insufficient to warrant submission of the issue of consequential damages to the jury. As far as the deletion of licensing and certification data, the trial judge stated that "it's fundamental that the mission of the yellow page ad is to have the plaintiff's name brought to the attention of persons who are seeking identity of people that do aerial photography...." After considering the evidence the judge concluded that it would be pure speculation for the jury to conclude that plaintiff lost customers because of the errors in the yellow pages advertisement for Camden. Hence, he concluded that the proofs did not establish with any degree of reasonable probability what damages, if any, resulted and what factors caused these damages.
The trial judge was not as specific in his reasoning for dismissing plaintiff's claim for damages based on the incorrect insertion in the advertisement "For You Who Desire Something Better." The judge simply stated that the proofs were too inadequate to establish with any degree of reasonable probability that the incorrect insertion caused any loss of profits.
*6 The standard of appellate review of an involuntary dismissal, R. 4:37-2(b), is that the reviewing court must examine the evidence, together with legitimate inferences which can be drawn therefrom, and determine whether the evidence could have sustained a judgment in favor of the party who opposed the motion. The trial judge was required to accept as true all evidence supporting the plaintiff's claim and accord the plaintiff the benefit of all reasonable inferences. If reasonable minds could differ, the motion must be denied. Dolson v. Anastasia, 55 N.J. 2, 5 (1969). The trial judge was required to examine the evidence to see if more than a scintilla was presented before submitting the issue of proximate cause to the jury. Id. at 5-6.
We agree with the trial judge that plaintiff's proofs on the issue of damages consisted of nothing more than speculation and conjecture. There was no proof that any of the 1982-83 customers chose plaintiff from the yellow pages. Not one of the ten 1982-83 Camden customers testified that he or she chose plaintiff from the yellow page advertisement. Of equal importance is the fact that the 1982-83 advertisement did not contain the F.A.A. license and P.P. of A. certification. So even if one could infer that the 1982-83 customers in Camden chose plaintiff based on the advertisement, there is no basis to infer that defendant's failure to include the additional information concerning plaintiff's licensing in the advertisement proximately caused a decline in new customers in Camden. This is so because the Camden market never had the benefit of the additional information; there was simply nothing to compare in a reasonable endeavor to estimate how many new customers might have been realized if the correct advertisement had been printed in the Camden directory in 1983. Furthermore, plaintiff's expert, who was an accountant in taxation, offered no competent evidence on how or why people choose aerial photographers. He was unaware whether a customer in a prior year ever returned to the photographer in subsequent years. He offered no competent evidence on why plaintiff had fewer new *7 customers in Camden in 1983-84 than in 1982-83. His theory was that if a photographer loses customers, he loses money. Such an opinion from an expert was of no assistance to the trier of fact. See Evid.R. 56(2).
Similarly, the fact that after the licensing and certification advertisement was published in the adjacent Burlington County directory the new customers increased from one in 1982-83 to two in 1983-84, offers nothing more than speculation and conjecture as to why the new customers did not increase in Camden for the same period. Nothing in the record permits an inference that the one new customer was due to the licensing and certification. The new customer did not testify. Also, plaintiff received one new customer from Camden in 1983-84. Consequently, there was no evidentiary basis to infer that a reduction in new customers was proximately related to the breach of contract.
Finally, we observe that there was not even a scintilla of evidence suggesting that plaintiff lost customers because the Camden advertisement included "For You Who Desire Something Better." The contention that these words adversely affected plaintiff's potential customers because they suggested creativity is sheer speculation. The ordinary meaning of these words suggests only that plaintiff is the best aerial photographer. Hence, we fully agree that the trial judge properly performed his function under R. 4:37-2(b).
Plaintiff had the burden of establishing a prima facie case with a reasonable degree of certainty that defendant's breach of the advertisement contract caused plaintiff to lose customers which in turn caused a loss of profits. See Stanley Co. of America v. Hercules Powder Co., 16 N.J. 295, 314 (1954). The rule of law related to the certainty of damages requires a party alleging a breach of contract to prove that there was a breach which in fact caused some damage. Once the fact of damage is established, the mere uncertainty as to the amount will not bar recovery. Tessmar v. Grosner, 23 N.J. 193, 203 (1957); Monaco v. Pepperidge Farms, Inc., 94 N.J. Super. *8 39, 42 (Ch.Div. 1967). Conversely, when the party alleging a breach of contract fails to present evidence which tends to demonstrate reasonably certain and definite consequences of such a breach, the opposing party is entitled to judgment. Weiss v. Revenue Building & Loan Ass'n, 116 N.J.L. 208, 210 (E & A 1936). Our careful study of the record in the present case convinces us that the trial judge correctly concluded as a matter of law that the plaintiff failed to prove the fact of damages. Plaintiff failed to establish a prima facie case that he lost any customers based on defendant's breach of contract. Stated differently, we conclude that based on the evidence presented, reasonable minds could not differ as to whether the breach of contract was a substantial factor in plaintiff's failure to obtain more than one new customer in the Camden area in 1983-84. Hence, we affirm the judgment of involuntary dismissal of the complaint.
Defendant has filed a cross-appeal from an order issued by a different judge on January 28, 1986. This order granted partial summary judgment to plaintiff on liability. The judge concluded that the exculpatory clause in the advertisement contract which limited damages to a refund of the advertisement costs was unconscionable and therefore unenforceable. Tannock v. N.J. Bell Telephone Co., 212 N.J. Super. 506, 515 (Law Div. 1986). In its cross-appeal, defendant argues that the limitation of liability clause in the contract was valid and should be upheld.
Ordinarily, we would not reach a cross-appeal from an interlocutory order where the cross-appellant has ultimately prevailed with the entry of a final judgment in its favor. But in this case, the judge's decision which resulted in the interlocutory order voiding the exculpatory damage clause has been published. Under the doctrine of stare decisis, the cross-appellant is confronted with the reported decision. See Smith v. Brennan, 31 N.J. 353, 361 (1960). In addition, the intervenor National Telephone Directory Corporation, which also urges a reversal of the partial summary judgment, points out through *9 its appendix that the published decision on liability is cited and relied on by litigants throughout the State as authority for finding unconscionable the exculpatory liability clauses in contracts for advertising in the yellow pages. We are therefore constrained to consider the cross-appeal at least to a limited degree. We will address only procedural irregularities associated with the interlocutory proceedings rather than address the merits of the controversy.
Generally, New Jersey has upheld exculpatory clauses in private contracts. These clauses limit consequential damages for a breach to a nominal sum. See Mayfair Fabrics v. Henley, 48 N.J. 483 (1967); Tessler and Son, Inc. v. Sonitrol Sec. Systems, 203 N.J. Super. 477, 483 (App.Div. 1985); Midland Carpet Corp. v. Franklin Assoc. Properties, 90 N.J. Super. 42 (App.Div. 1966).
In the present case during the liability phase, plaintiff sought a declaration that the contractual limitation of consequential damages was void because plaintiff alleged that the contractual damages were inadequate. In his answers to interrogatories plaintiff made clear that he sought substantially more damages than were permitted under the contract.
In this commercial advertisement case the exculpatory damage clause should not have been declared void based on unconscionability before it was apparent that the damages permitted by the contract were inadequate. See Kearney & Trecker v. Master Engraving, 107 N.J. 584 (1987). Also, Allen v. Michigan Bell Telephone Co., 18 Mich. App. 632, 171 N.W.2d 689, 692 (Ct.App.Mich. 1969), appeal after remand, 61 Mich. App. 62, 232 N.W.2d 302 (Ct.App.Mich. 1975), which was relied upon by the trial court, recognized that the limitation of liability clause should not be voided based on unconscionability "if the term is substantively reasonable." Whether the remedy provided by contract was adequate or "substantively reasonable" is a mixed question of fact and law which should not be decided in a summary fashion unless there is no genuine dispute as to the amount of damages sought. At the time summary judgment *10 was granted in the present case, a genuine factual question existed as to the fact and amount of damages which rendered summary judgment inappropriate. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954).
In view of our decision that plaintiff failed to prove consequential damages, the contract damage clause which permitted plaintiff to be reimbursed $64.80 for the cost of the advertisement was adequate. Moreover, trial courts are cautioned against granting summary judgment on a meager record where the ruling sought would have a broad social and/or legal effect. Slohoda v. United Parcel Service, 193 N.J. Super. 586, 594 (App.Div. 1984). See also Jackson v. Muhlenberg Hosp., 53 N.J. 138 (1969); Pressler, Current N.J. Court Rules, Comment R. 4:46-2 (1988). The rule of law announced in the liability phase of this case was decided for the first time in this State in a published opinion. Such a novel pronouncement which will have broad legal effect in this State, should not have been made without a full record.
The order granting partial summary judgment on liability is reversed. Final judgment dismissing the complaint is affirmed.