**ROTHWELL COTTON COMPANY, a Texas Corporation, Defendant-Appellant,**

v.

**ROSENTHAL & COMPANY, a partnership, and FGL Commodity Services, Inc., an Iowa Corporation, Plaintiffs-Appellees.**

No. 86–1510.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 4, 1986.

Decided Aug. 24, 1987.

John Roberson, Philip T. Powers & Associates, Chicago, Ill., for defendant-appellant.

Ralph A. Mantynband, Arvey Hodes Costello & Burman, Chicago, Ill., for plaintiffs-appellees.

Before BAUER, Chief Judge, FLAUM, Circuit Judge, and REYNOLDS, Senior District Judge.*

REYNOLDS, Senior District Judge.

Rosenthal & Company ("Rosenthal") and FGL Commodity Services, Inc., ("FGL"), plaintiffs-appellees, brought an action against Rothwell Cotton Company ("Rothwell"), defendant-appellant, claiming that Rothwell owed Rosenthal and FGL $26,563.74 for a trading deficit in the commodities trading account Rothwell had maintained with Rosenthal and FGL. Rothwell counterclaimed that Rosenthal and FGL had breached various duties owed to Rothwell and had allowed excessive trading in Rothwell's account.

Rosenthal moved for summary judgment on the counterclaim on the grounds that, due to a provision in the parties' contract, Rosenthal could not be liable for such misconduct because Rosenthal was merely responsible for executing orders placed and was not responsible for checking the wisdom of those orders. The district judge granted Rosenthal's motion for summary judgment on Rothwell's counterclaim and also denied Rothwell's motion to reconsider that decision, after Rothwell presented Judge Marshall with what it claimed was newly discovered evidence. This appeal followed.

## RELEVANT FACTS

Jimmy Don Rothwell is the president of the Rothwell Cotton Company in Childress, Texas. Larry Jones ("Jones"), a friend of Jimmy Don Rothwell, owns and runs FGL–Childress in Texas. FGL–Childress opened a commodities trading account for Rothwell with FGL in Des Moines, Iowa. FGL and FGL–Childress are separate corporations, though they have a contractual relationship. FGL is a future commissions merchant registered with the Commodities Future Trading Commission, but it is not a member of any exchange. Rosenthal is a clearing member of the major commodities exchanges, and FGL contracted with Rosenthal to have Rosenthal execute orders for all FGL's customers.

Rosenthal, in turn, had FGL customers sign an agreement directly with Rosenthal. The agreement signed by Jimmy Don Rothwell on May 13, 1983, was entitled "Introduced Customer Commodity Agreement"

* The Honorable John W. Reynolds, Senior District Judge for the Eastern District of Wisconsin, is sitting by designation.

("Agreement"), and it provided in relevant part, at paragraph 12, that Rosenthal would:

> ... not be responsible or liable whatsoever for any matters relating to sales practices, trading practices or recommendations or any similar or other matter, whether authorized or unauthorized by the undersigned, it being expressly understood, agreed and acknowledged that your sole responsibilities hereunder relate to the execution, clearing and bookkeeping of transactions for the accounts on various exchanges in accordance with the instruction you receive from the introducing broker(s) of the undersigned in accordance with the usual practice and that the undersigned shall look to said introducing broker(s) for any redress with respect to any matter other than your gross negligence or wilful misconduct in executing, clearing and/or bookkeeping transactions for the accounts of the undersigned.

Immediately above the signature of Jimmy Don Rothwell, who signed the agreement on behalf of Rothwell, is the warning in upper case that, "AS THIS IS AN INTRODUCED ACCOUNT ROSENTHAL & COMPANY'S ROLE AND LIABILITY IS LIMITED TO EXECUTION AND CLEARING MATTERS. SEE PARAGRAPH 12 ABOVE." Rosenthal provided the district court with an uncontradicted affidavit that this provision was subject to negotiation and did not appear in some other similar accounts.

Rothwell alleged that it authorized FGL and Jones to trade on Rothwell's account only in cotton, wheat, and cattle commodities. The agreement between Rothwell and FGL provided that Jimmy Don Rothwell was to approve all trades on Rothwell's account. Jones allegedly engaged in excessive and unauthorized trading in the account which resulted in a loss to Rothwell of $278,000 and an additional $178,000 in commissions.

On April 5, 1985, ten months after the original complaint had been filed, the district court granted Rosenthal's motion for summary judgment. The court found that the agreement between Rothwell and Rosenthal properly limited Rosenthal's liability to willful misconduct or gross negligence relating to executing and clearing matters. The court further found that public policy did not prohibit Rosenthal from limiting its liability to its own conduct and that the provision was not unconscionable. Finally, the district court found that Rothwell's allegations and the offered proof failed to establish a case against Rosenthal for a claim upon which it could be sued; namely, clearing and execution of trades.

Rothwell waited 1½ months after the district judge's decision on the motion for summary judgment, and then it filed a motion asking the judge to reconsider his decision on the basis of newly-discovered evidence. In support of its motion to reconsider, Rothwell attached the following: (1) deposition testimony of three witnesses, all of whose depositions had been taken at least a month before the district judge's decision; (2) a memorandum Rosenthal had filed in support of its motion for summary judgment more than five months before the judge's decision; (3) a memorandum from a Rosenthal employee that had been produced at a deposition more than a month before the judge's decision; and (4) two decisions of the Commodity Futures Trading Commission, both of which had been rendered more than a year before the judge issued his decision granting Rosenthal's motion for summary judgment.

In its reply brief in support of its motion for reconsideration, filed four months after the district court's decision and order, Rothwell attached yet more "newly discovered evidence." The evidence, with the exception of a decision by the Commodity Futures Trading Commission, was either available to Rothwell before the original decision for summary judgment was issued, or it related to dealings between the parties that were not relevant to the questions at issue in the suit. Finally, and more than five months after the district judge's decision, Rothwell filed a supplemental reply brief to which it attached still more "newly discovered evidence," which includ-

ed some excerpts from a deposition that had just been taken and some commodities trading rules published months before this action was commenced in the district court.

The district judge denied Rothwell's motion to reconsider his earlier decision, and he later expressly found that there was no just reason for delay and ordered the clerk to enter final judgment against Rothwell on its counterclaim against Rosenthal. This appeal followed.

## ANALYSIS

This court must decide two questions: (1) Whether the district court properly granted summary judgment on the counterclaim for Rosenthal on the original motion in light of the evidence then before the court; and (2) whether the judge abused his discretion in denying Rothwell's motion to reconsider. The decision of the district court will be affirmed because Rosenthal was entitled to summary judgment on the record presented at the time of the original motion and because the district judge did not abuse his discretion in denying the plaintiff's motion to reconsider his earlier decision.

Rothwell argues, as it must, that the district court was wrong as a matter of law in granting Rosenthal's original motion for summary judgment on the counterclaim and abused its discretion in denying Rothwell's motion to reconsider. Rothwell's brief on appeal is mostly an attack on the district court's alleged abuse of discretion in denying the motion to reconsider, with special emphasis on the arguments and evidence Rothwell filed along with its reply brief and supplemental reply brief on the motion for reconsideration. During oral argument, Rothwell downplayed the question of abuse of discretion and added yet another legal theory; that Rosenthal could

not have been granted summary judgment on the original record because it had "judicially admitted" that it owed additional duties to Rothwell in an answer to Rothwell's counterclaim.[1]

Conspicuously absent from Rothwell's briefs and arguments on appeal is any justification for Rothwell's failure to raise the arguments or evidence upon which it now relies before the district court granted summary judgment to Rosenthal.

The heart of Rothwell's argument on appeal is that the district court's analysis that Rosenthal had only limited duties to Rothwell is contrary to duties assumed voluntarily by Rosenthal and imposed by law. Rothwell argues that Rosenthal is legally responsible for the defalcations of Jones and FGL and that to allow Rosenthal to avoid this duty by contract would be contrary to the public policy of both the United States and Illinois. In addition, Rothwell argues that material issues of fact existed as to Rothwell's claims that the limitation of liability provision was a term of adhesion and that Rosenthal assumed and breached additional duties, beyond those addressed by the parties' contract.

Rosenthal emphasizes that all of the evidence or legal authority presented by Rothwell in its memorandum in support of the motion to reconsider could have been presented to the district court before the decision on summary judgment was issued. In fact, much of it was in existence before the lawsuit was even filed. Rosenthal next argues that the district judge was compelled to grant Rosenthal's motion for summary judgment on the counterclaim on the record before him at that time because there were no questions of disputed fact, and the contract the parties had freely entered into limited Rosenthal's liability to matters which were not alleged in the law-

1. Consistent with Rothwell's practice in this lawsuit, this argument was not made in either of Rothwell's briefs on appeal or in any of Rothwell's numerous filings in support of its motion to reconsider in the district court. While the argument was alluded to in Rothwell's brief in opposition to the motion for summary judgment, Rosenthal had different counsel at the time that answer was filed, and the parties to this lawsuit clearly confronted the question of the scope of Rosenthal's duties to Rothwell in the course of briefing the motion for summary judgment. As a result, and because Rosenthal had provided affidavits and authority in support of a position contrary to its answer, and because Rothwell ignored this contention until oral argument, the court will not consider what role, if any, Rosenthal's "judicial admission" played in this action.

suit, i.e., clearing and executing orders. Rosenthal also contends that Rothwell failed to produce sufficient evidence or legal authority to support its allegation that the limitation of liability provision was a term of adhesion or contrary to public policy.

In reviewing the district court's decision granting Rosenthal's motion for summary judgment, this court must consider whether the ruling was correct at a matter of law on the record then before the court. *Liberles v. County of Cook*, 709 F.2d 1122, 1126 (7th Cir.1983). The district court's denial of Rothwell's motion for reconsideration is subject to an abuse of discretion standard. *Planet Corp. v. Sullivan*, 702 F.2d 123, 125 (7th Cir.1983).

At the time the district court granted Rosenthal's motion for summary judgment on the counterclaim, the record established that Jimmy Don Rothwell, on behalf of Rothwell, had freely entered into a negotiable contract with Rosenthal that limited Rosenthal's liability to matters involving the clearing and execution of trades. The provision limiting Rosenthal's liability was in plain language. An upper-case warning, appearing immediately above Jimmy Don Rothwell's signature, called his attention to the provision. The record established that neither Rothwell nor Larry Jones were agents of Rosenthal and that Rosenthal was a completely separate entity that had no role in deciding either the volume or the wisdom of the trades to be made.

Upon that record, and in the absence of any evidence presented by Rothwell that Rosenthal owed any other duties to Rothwell, the district court properly found that the parties' relationship was governed by the contract. Rosenthal's liability under that contract was limited to conduct for which Rosenthal was responsible; to wit, the execution and clearing of trades. Rothwell failed to allege or produce any evidence that Rosenthal had failed to properly perform those duties, and—assuming the limitation of liability provision was valid—Rosenthal was entitled to summary judgment. The district court was also correct in dismissing, upon the record then before it, Rothwell's claim that the limitation of liability provision was void as unconscionable or as a term of adhesion.

The contract provision limiting Rosenthal's liability was not contrary to public policy. Rothwell failed to present any legal authority to the district court that Rosenthal could not limit its liability to its own acts.

"[I]n the absence of legislative directive to the contrary, exculpatory provisions must be deemed valid and enforceable.... Where the legislature has not acted, an exculpatory clause will be held invalid only if a special social relationship of a semi-public nature is found to permeate the transaction between the parties. Such a relationship has been found to exist in cases involving common carriers ... and employer-employee relationships.... The special social relationship argument has been rejected in cases involving a variety of contracts including business leases ... health club memberships ... and agreements involving stock car racing ... the rental of riding equipment ... and the stabling of horses." *First Financial Ins. v. Purolator Security, Inc.*, 69 Ill.App.3d 413, 26 Ill.Dec. 393, 396–97, 388 N.E.2d 17, 20–21 (1979) (citations omitted).

Rothwell did not present the district court with any statutory or case law, Illinois or federal, which prohibited the limitation in the parties' agreement. Apart from any legal barriers to such a provision, there is nothing inherently wrong in allowing the party to a contract to protect himself from liability for the wrongdoing of others.

Neither did Rothwell present evidence or authority sufficient to support its claim that the limitation provision was a term of adhesion or unconscionable. This case is easily distinguished on its facts from *Star Finance Corp. v. McGee*, 27 Ill.App.3d 421, 326 N.E.2d 518 (1975), upon which Rothwell relies. In *First Financial*, 388 N.E.2d at 22, the court explained that an unconscionable agreement had been defined as one "which no man in his senses, not under delusion, would make, on the one hand, and

which no fair and honest man would accept on the other." (citation omitted). Rothwell has failed to establish the extraordinary circumstances necessary before an Illinois court will find a contract term void as adhesive.

Rosenthal established by affidavits and other evidence that the contract was one freely entered into between two competently-run, commercial entities, with the provision in question being open to negotiation, and highlighted by language immediately above the place where Jimmy Don Rothwell signed the agreement on behalf of Rothwell. Jimmy Don Rothwell, meanwhile, swore that he never saw the provision, or attempted to negotiate. Similarly situated parties seeking to void a term as adhesive have been rebuffed by Illinois courts. *See, McClure Engineering Assoc., Inc. v. Reuben Donnelley Corp.,* 101 Ill. App.3d 1109, 57 Ill.Dec. 471, 428 N.E.2d 1151 (Ill.App.3d, 1981), *aff'd,* 95 Ill.2d 68, 69 Ill.Dec. 183, 447 N.E.2d 400 (1983). Rothwell was neither forced to deal with Rosenthal nor prevented from negotiating the provision. It may not now come to the court, after the fact, and ask it to void a provision into which its president freely entered.

The district court correctly granted Rosenthal's motion for summary judgment on the counterclaim on the record then before it. Rothwell failed to present that court with evidence or argument sufficient to establish that the limitation of liability, which was negotiable and prominently mentioned in the contract, was either unconscionable or void against public policy. Rather, and in the absence of evidence that Rosenthal was responsible for either Jones or FGL, it merely limited Rosenthal's potential liability to those actions for which Rosenthal was responsible, and over which Rosenthal had control.

The next question is whether the district court abused its discretion in denying Rothwell's motion to reconsider. *Planet Corp. v. Sullivan,* 702 F.2d 123 (7th Cir.1983). Rothwell's brief is long on support for why summary judgment is not appropriate in light of all the evidence and legal arguments it now presents, but short on explaining why Rothwell should be able to begin presenting those arguments—in waves—almost six weeks after the district court had already ruled against Rothwell.

The district court had not yet entered final judgment for Rosenthal at the time Rothwell filed its motion to reconsider, and Rothwell contends the motion is governed by Fed.R.Civ.P. 54(b), which provides that "any order or other form of decision ... which adjudicates fewer than all the claims ... is subject to revision at any time before the entry of judgment adjudicating all the claims...." Rosenthal directs the court's attention to Fed.R.Civ.P. 60(b)(2) which allows the court to relieve a party from an order on the basis of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Both parties agree that in order to prevail on its motion to reconsider, Rothwell must first establish that it could not, through the exercise of due diligence, have presented the "newly discovered evidence" to the district court before the decision on summary judgment was granted.

In *Keene Corp. v. International Fidelity Insurance Co.,* 561 F.Supp. 656 (N.D.Ill. 1976), *aff'd,* 736 F.2d 388 (7th Cir.1984), the court gave a helpful summary of the law governing motions to reconsider:

> Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion. The nonmovant has an affirmative duty to come forward to meet a properly supported motion for summary judgment.... Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

*Id.* at 665–66 (citation and footnote omitted).

■ The district court did not abuse its discretion in denying Rothwell's motion to

reconsider because Rothwell failed to make a showing that it had exercised due diligence in attempting to produce the evidence or argument while the motion for summary judgment was pending.

Most of the "newly discovered evidence" Rothwell submitted, along with its three briefs filed in support of the motion to reconsider, was either case law or commodity rules that were in existence before the motion for summary judgment was even filed. Everything submitted with the opening brief on reconsideration was in existence before the original motion was decided, and Rothwell failed to give the trial court or this court any satisfactory explanation as to why the information could not have been produced earlier. Rothwell's argument that some deposition testimony was not yet transcribed, even though the deposition was taken a month before the court's decision, ignores both the possibility of expedited transcription and Fed.R.Civ.P. 56(f).

Fed.R.Civ.P. 56(f) provides:

When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Rothwell neither asked the judge for more time or for an order compelling any depositions Rothwell felt relevant to the pending motion. Instead, Rothwell presented the court with information that had been, for the most part, available to Rothwell before the decision was rendered, and did so piece-by-piece, submitting some with each of the three briefs it filed for reconsideration in the more than five month period after the earlier decision. Absent a showing that this resulted for reasons other than a lack of due diligence

on the part of Rothwell, Rothwell may not relitigate a motion it already had a chance to contest, and lost.

On this record, this court cannot find that the district judge abused his discretion in denying the motion to reconsider. Having found that summary judgment was properly granted to Rosenthal, and that Rothwell failed to make the showing of due diligence necessary to cause the district judge to reconsider,[2] the decision of the district judge is Affirmed.

**2.** Having decided that Rothwell failed to meet its initial burden of establishing that it had discovered new evidence which could not through the exercise of due diligence have been previously produced, the court does not reach the question of what additional duties, if any, Rosenthal might have owed Rothwell in relation to the transactions at issue.