**Moises DERECHIN, Plaintiff,**

v.

**STATE UNIVERSITY OF NEW YORK, State University of New York at Buffalo, Steven Sample, as President, State University of New York at Buffalo, William Greiner, as Provost, State University of New York at Buffalo, John Naughton, as Dean of the School of Medicine, State University of New York at Buffalo, David Triggle, as Dean of the School of Pharmacy, State University of New York at Buffalo and Alexander C. Brownie, as Chairman of the Department of Biochemistry, State University of New York at Buffalo, Defendants.**

**No. CIV–89–641E.**

United States District Court, W.D. New York.

Aug. 29, 1991.

## AMENDED MEMORANDUM AND ORDER

ELFVIN, District Judge.

This Memorandum and Order hereby amends this Court's August 6th Memorandum and Order, filed on that same date.

Presently *sub judice* is the defendants' motion for relief from this Court's April 23, 1991 Memorandum and Order imposing sanctions—pursuant Fed.R.Civ.P. rule 11— and attorney's fees and costs—pursuant 28 U.S.C. § 1927—upon defendants' counsel. Defendants bring their motion pursuant to Fed.R.Civ.P. rule 60(b)(6).

Upon motion by the plaintiff, sanctions, fees and costs were imposed upon defendants' counsel as a result of counsel's inclusion of roughly two hundred witnesses in the defendants' pretrial statement. *See* Memorandum and Order, dated April 23, 1991, 1991 WL 64075. The list, purportedly made up entirely of the State University of New York at Buffalo ("UB") professors with knowledge of the plaintiff's performance and the alleged bases of this lawsuit, in fact consisted of all varieties of UB employees—including secretaries and stenographers from numerous departments— most of whom were identified as testifying to essentially the same matter. Trial of the case had been estimated by both counsel to take not more than five days. In his motion, the plaintiff had requested that this Court impose sanctions, fees and costs upon defense counsel on the grounds that the pretrial statement was not filed in good faith and that it unreasonably and vexatiously multiplied the proceedings in this case. Plaintiff's Motion dated November 28, 1990. As stated hereinabove, this Court found that the defendants' counsel's actions appeared vexatious and harassing. Accordingly, defendants' counsel was sanctioned personally in the amount of $250 pursuant to Rule 11, and counsel was directed to pay plaintiff's counsel's fees and costs, pursuant to 28 U.S.C. § 1927. *See* Memorandum and Order, dated April 23, 1991.[1]

▇ In the present motion, defendants' counsel presents this Court with affidavits setting forth information not previously provided—although not newly-discovered. Such affidavits—from defendants' counsel and such counsel's supervisor—inform this Court that counsel's motivation for listing roughly two hundred witnesses in such counsel's pretrial statement was not to ha-

---

1. In its April 23rd Memorandum and Order, this Court also sanctioned the plaintiff's counsel— for independent reasons—in the amount of $50.

rass or burden either opposing counsel or the Court but rather to protect the clients' interests. *See* Aff't of Peter B. Sullivan, Esq. (sworn to May 6, 1991); Aff't of Jane Doe, Esq. (sworn to May 6, 1991). Defense counsel had been frustrated by a lack of opportunity to depose the plaintiff and to recover certain documents earlier loaned to plaintiff's counsel (both situations exemplifying the ongoing antagonism and uncooperativeness between counsel) and had opted to include all potential witnesses in the pretrial statement in order to amply protect the clients' interest. *Ibid.* Accordingly, because defendant's counsel's motive was not an improper one, it is now argued that all sanctions, fees and costs are improper and that relief from this Court's judgment imposing same should be granted.

Fed.R.Civ.P. rule 11 mandates a federal court to impose sanctions—which may include attorney's fees and costs—where any paper is filed, *inter alia,* "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.P. rule 11. In deciding whether an attorney's motion has been filed for an "improper purpose," a district court "must judge the conduct of counsel under an objective standard of reasonableness rather than assessing subjective intent." *In re Kunstler,* 914 F.2d 505, 518 (4th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1607, 113 L.Ed.2d 669 (1991); *see also McMahon v. Shearson/American Exp., Inc.,* 896 F.2d 17, 22 (2d Cir.1990) (Rule 11 sanctions should be evaluated under an objective standard, focusing on what a reasonably competent attorney would believe); *Greenberg v. Hilton Intern. Co.,* 870 F.2d 926, 934 (2d Cir.1989) (a showing of bad faith is not required to impose sanctions under Rule 11); *Motown Productions, Inc. v. Cacomm, Inc.,* 849 F.2d 781, 784 (2d Cir.1988) (subjective good faith does not provide a "safe harbor" from Rule 11 sanctions); *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 832 (9th Cir.1986) ("Harassment under Rule 11 focuses upon the improper purpose

of the signer, objectively tested, rather than the consequences of the signer's act, subjectively viewed by the signer's opponent."). Evaluating defendants' counsel's pretrial statement under this objective standard, this Court finds that listing two hundred witnesses to testify to essentially the same thing was objectively unreasonable and vexatious. Regardless of defense counsel's motives such an act was nonsensical and unprofessional. Counsel is neither so inexperienced as to not know better nor so unresourceful as to believe that this was the best manner in which to surmount frustrations in preparing for trial. *See In re Kunstler, supra,* at 519 (Both the outrageous nature of counsel's actions and experience of counsel are indicators of an improper purpose.) Although counsel now attests that the intention was to file an amended pretrial statement once the deposition of the plaintiff had been taken and/or the loaned documents had been returned, such was not indicated on the original pretrial statement and, even if such statement had been made, this Court finds other methods far more reasonable—*i.e.,* filing a limited list of witnesses known to be critical and reserving the right to add to it upon receipt of allegedly-needed information. Despite alleged handicaps, this attorney was able to prepare a successful motion for summary judgment. Surely the attorney could have estimated a reasonable list of witnesses. Accordingly, this Court finds that counsel's pretrial statement was objectively unreasonable and, thus, no relief from the Rule 11 sanctions will be granted.

■ Turning to fees and costs awarded under 28 U.S.C. § 1927, this Court notes that a different legal standard is to be applied.[2] "Unlike Rule 11's 'objectively unreasonable' test, § 1927 sanctions are properly imposed only upon a 'clear showing of bad faith' on the attorney's part." *McMahon v. Shearson/American Exp., Inc., supra,* at 23. " '[A]n award under § 1927 is proper when the attorney's actions are so

---

**2.** 28 U.S.C. § 1927 permits a court to require an attorney to "satisfy personally" the costs, fees and expenses of opposing counsel in responding

to such attorney's actions where said actions "multipl[y] the proceedings in any case unreasonably and vexatiously."

completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" *Ibid.* (*quoting from Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).

The defendants' counsel's present offer of proof regarding motive was not before this Court when it issued the judgment from which relief is currently sought. At that time, defense counsel offered no evidence regarding motive—or, indeed, any explanation for the two hundred person witness list whatsoever—in response to the plaintiff's motion. *See* Defendants' Cross-Motion for Sanctions, etc. dated December 17, 1990. Accordingly, evaluating the pretrial statement on its face (and being familiar with the antagonism which had existed between counsel), this Court determined that the listing of such number of witnesses was "clearly excessive" and appeared to have been generated "solely to harass the plaintiff's counsel and to increase [such counsel's] difficulties in preparing for trial." Memorandum and Order dated April 23, 1991 at p. 3.

The defendants' counsel's present offer of proof does not comprise newly-discovered evidence. It was available to counsel at the time the motion for sanctions was initially before this Court. As such, it is within the discretion of this Court to decline to consider such evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986); *see also Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246 (7th Cir.), *reh'g denied*, 835 F.2d 710 (7th Cir.1987). In accordance with these cases, this Court opts not to consider defense counsel's newly-submitted evidence on motive. The fees and costs award issued by this Court pursuant to 28 U.S.C. § 1927 will be upheld.

■ In its April 23, 1991 Memorandum and Order, this Court invited the plaintiff's counsel to submit within twenty days an affidavit of fees and costs incurred in bringing the motion. Such submission was made, but defense counsel has objected thereto on numerous grounds. *See* Reply Aff't of Douglas S. Cream, Esq. (sworn to May 15, 1991). Mr. Cream asserts that the affidavit is untimely—having been filed outside the twenty-day period mandated by this Court's April 23rd Memorandum and Order, and he also objects to the affidavit's form because it fails to include contemporaneous time records. Further, Mr. Cream asserts that the amount of fees requested is excessive. *Ibid.*[3]

Plaintiff's counsel's affidavit of fees and costs was filed May 14, 1991 the twenty-first day after this Court's April 23rd Memorandum and Order. (Curiously, the affidavit itself was sworn to May 15, 1991.) Also, the attached bill for legal services submitted as proof of fees and costs is itself dated May 14, 1991, one day after the time period imposed by this Court. No other records of time spent, by whom and at what hourly rate, were submitted. This Court agrees with Mr. Cream that the affidavit is untimely and that the bill for services is insufficient for this Court to accurately evaluate the reasonableness of the stated fees. Had the affidavit been timely submitted, this Court would direct the plaintiff's counsel to resubmit same—with an itemization of time spent, by whom and at what rate. However, because the affidavit was submitted outside the mandated time period, it will not be accepted for consideration. In circumstances like these—where counsel is invited to submit an affidavit within a reasonable time period and yet fails to so abide—this Court sees no reason to indulge counsel's disregard for its prior mandate.

Accordingly, it is hereby ORDERED that the defendant's motion for relief from judgment is denied, that the defendant's counsel personally and without reimbursement from a client or clients or employer shall pay $250 to the Clerk of this Court as a sanction that the defendants' counsel is

---

**3.** Neither Mr. Sullivan nor Mr. Cream was the defense attorney whose activities are the basis

for the imposed sanction.

**366**

further absolved of the priorly imposed obligation to pay fees and costs to plaintiff or plaintiff's counsel.