Anthony JONES, Plaintiff,

v.

Officer BANKS et al., Defendants.

No. 92 CV 8335.

United States District Court,
N.D. Illinois,
Eastern Division.

May 24, 1995.

Anthony Jones, pro se.

Susan Takata O'Leary, Illinois Dept. of Corrections, Michael Brucekatten, Illinois Atty. General's Office, Chicago, IL, for Officer Charles Banks.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

Plaintiff Anthony Jones (Jones), an inmate in the custody of the Illinois Department of Corrections, brings this *pro se* § 1983 action against defendant Charles Banks (Banks), a correctional officer stationed at the Stateville Correctional Center. Jones seeks damages and injunctive relief for alleged violations of his Eighth and Fourteenth Amendment rights.[1] In August 1993, Banks moved for summary judgment, arguing in part that because Jones suffered no physical injury, he could not recover under § 1983, which has an "actual injury" requirement. On February 10, 1995, we rejected this argument, holding that Jones need not show a physical injury because he "has presented sufficient evidence of his fear and alarm at being attacked to satisfy the actual injury requirement of § 1983." Before us now is Banks' motion for reconsideration under Rule 60(b).[2] For the reasons set forth below, the motion for reconsideration is granted. Banks' renewed motion for summary judgment is denied.

## DISCUSSION

■ The Seventh Circuit has held that "'relief from a judgment under [Rule] 60(b) is an extraordinary remedy and is granted only in exceptional circumstances.'" *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 400 (7th Cir.1986) (quoting *United States v. Zima*, 766 F.2d 1153, 1157 (7th Cir.1985)). The Rule permits us to correct only "'manifest errors of law or fact.'" *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.1987), *modified on other grounds*, 835 F.2d 710 (7th Cir.1987) (quoting *Keene*

*Corp. v. International Fidelity Insurance Co.*, 561 F.Supp. 656, 665–66 (N.D.Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir.1984)); *see also Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988) ("[our] opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure").[3]

Banks advances two arguments to support his motion for reconsideration. First, he argues that although "the absence of physical injury is not dispositive [of] the stating of a [§ 1983] claim, [evidence supporting] a claim for mental and emotional distress would have to rise to the level of a 'brutal and demeaning attack on the psyche' in order to constitute a violation of the Eighth Amendment." Def. Motion for Recons. at 3 (quoting *Malewski v. O'Leary*, No. 89 C 7318, 1990 WL 43275, at *3 (N.D.Ill. Apr. 5, 1990)). Second, he claims that even if we reject his first argument, we should grant his motion for summary judgment on qualified immunity grounds.

## I. Actual Injury

Banks argues that a plaintiff can state a § 1983 cause of action for mental and emotional distress resulting from a violation of the Eighth Amendment only if the distress was caused by a "brutal and demeaning attack on the psyche" or "threats ... so constant that a virtual reign of terror exist[ed]." *Malewski*, 1990 WL 43275 at *3 (N.D.Ill. Apr. 5, 1990); *Walsh v. Brewer*, 733 F.2d 473, 476 (7th Cir.1984); *see also Swofford v. O'Leary*, 89 C 4534, 1990 WL 179726 (N.D.Ill. Nov. 2, 1990); *Moore v. Peters*, No. 91 C 5883, 1992 WL 186043 (N.D.Ill. July 24, 1992). In the two principal cases Banks cites, the plaintiffs' evidence of mental and emotional distress was found insufficient to sustain an Eighth Amendment claim under § 1983. *Malewski*, 1990 WL 43275 at *4;

---

1. The facts of this case are recited in our memorandum and order of February 10, 1995, and will not be repeated here.

2. Jones has also filed a motion for reconsideration, asking us to take a second look at another aspect of our earlier decision: our ruling that Jones is not entitled to injunctive relief. Jones' motion does not identify any manifest error or

law or fact in our decision, nor does it present any newly discovered evidence that would alter our conclusion. Therefore, the motion is denied.

3. Rule 60(b) is also appropriate when there is newly discovered evidence not previously available to the parties, but we are not confronted with that situation here.

*Swofford*, 1990 WL 179726 at *4. Banks asserts that the same rule should apply here.

▪ After reviewing the cases Banks cites and others, we reject his contention that we erred in our earlier order. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII.[4] It is well established that "punishments" include not only penalties that are a formal part of an inmate's sentence, but also deprivations and injuries the inmate suffers during imprisonment. *Estelle v. Gamble*, 429 U.S. 97, 102–03, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). Thus an inmate may invoke the Eighth Amendment to challenge the conditions of his confinement. One of those conditions is safety; prison officials must take adequate care to insure that inmates are protected from natural and artificial hazards and from each other. When their failure to do so rises to the level of an "'unnecessary and wanton infliction of pain,'" they subject themselves to § 1983 liability. *Id.* at 104, 97 S.Ct. at 291 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)); *see also Farmer v. Brennan*, —— U.S. ——, ——, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994) (reiterating the unnecessary and wanton standard).

▪ The "brutal and demeaning attack on the psyche" standard adopted by some courts in this district is an attempt to define "unnecessary and wanton infliction of pain" in the context of claims for mental and emotional distress. We have no quarrel with this standard and agree with Banks that we failed to apply it in our earlier order—a manifest error of law that permits us to reconsider our decision. But even under the stricter standard, Banks is not entitled to summary judgment. If we take Jones at his word, as we must, he was the subject of a physical assault by an inmate who gained access to his cell by asking Banks to open the door so he could "f—— that b—— up." Banks opened the door despite the fact that Jones had sent numerous notes to him and other correctional officers asking that they not allow other inmates into his cell because he feared an attack. We refuse to hold as a matter of law that Banks' conduct could not give rise to liability. A factfinder could readily conclude that Banks' decision to open the cell door was an unnecessary and wanton infliction of emotional pain—or, in the words of *Malewski*, a brutal and demeaning attack on Jones' psyche.[5] Therefore, we again hold that Banks is not entitled to summary judgment.

## II. *Qualified Immunity*

▪ Banks' second argument, that he is entitled to summary judgment on grounds of qualified immunity, is equally unavailing. Under the doctrine of qualified immunity, "government officials performing discretionary functions ... are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *see also Kernats v. O'Sullivan*, 35 F.3d 1171, 1176 (7th Cir.1994) (same). For a right to be clearly established, its contours

---

4. The amendment applies to state officials like Banks through the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 666, 82 S.Ct. 1417, 1420, 8 L.Ed.2d 758 (1962).

5. *Malewski* and *Swofford* do not alter our conclusion because they are easily distinguished. In *Malewski*, gang members had threatened the plaintiff's life. He sought protective custody and was temporarily placed there while his request was being processed. When the request was denied, he was returned to the general population. Shortly thereafter, he received a threatening letter. He again sought and received protective custody. Then he was again returned to the general population. He sued the prison's warden under § 1983, asserting that his return to the general population caused him to experience mental and emotional distress. Judge Grady dismissed the claim, concluding that "Malewski has not alleged any facts indicating that [the warden] deliberately or in a criminally reckless fashion tormented him mentally and emotionally." 1990 WL 43275 at *4. In *Swofford*, the plaintiff complained that he suffered mental and emotional distress because the defendant denied him access to the telephone and the day room. The court granted the defendant's motion for summary judgment, holding that the plaintiff's alleged hardship was merely an inconvenience and therefore did not rise to the level of an Eighth Amendment violation. 1990 WL 179726 at *4. These fact patterns do not approach the egregious conduct of which Jones complains.

must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987) (citation omitted).

■ Seventh Circuit precedent unmistakably indicates that the right of an inmate not to be recklessly subjected to attacks by other inmates was clearly established within the meaning of *Anderson* at the time Jones was attacked. *See McGill v. Duckworth,* 944 F.2d 344, 347 (7th Cir.1991) (Eighth Amendment requires prison officials to protect prisoners from each other), *cert. denied,* 503 U.S. 907, 112 S.Ct. 1265, 117 L.Ed.2d 493 (1992); *Duane v. Lane,* 959 F.2d 673, 676 (7th Cir. 1992) (describing the duty to protect inmates from each other as "a recognized constitutional duty").

Banks argues that the right was not clearly established because it was not settled law that an inmate could sustain an Eighth Amendment claim under § 1983 in the absence of any physical injury. This argument misses the point. In making the qualified immunity determination, the question is whether the official should have known that his conduct violated the Constitution, not whether he should have known about a particular intricacy of § 1983 procedural law. In any event, we think that *Malewski* and other cases clearly establish that a brutal attack on the psyche like the one that allegedly took place here can lead to liability. Therefore, Banks is not entitled to summary judgment on qualified immunity grounds.

### CONCLUSION

Banks' motion for reconsideration is granted. His renewed motion for summary judgment is denied.