**BRAD FOOTE GEAR WORKS, INC., an Illinois corporation, Plaintiff,**

v.

**DELTA BRANDS, INC., a Texas corporation, Defendant.**

**No. 03 C 7023.**

United States District Court, N.D. Illinois, Eastern Division.

Sept. 10, 2004.

James Dominick Adducci, Marshall Lee Blankenship, Adducci, Dorf, Lehner, Mitchell & Blankenship, P.C., Chicago, IL, for Plaintiff.

Randall Edmund Server, Tucker Bower Robin & Romanek, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

MORAN, Senior District Judge.

Plaintiff Brad Foote Gear Works, Inc. (BFG) brought this action against Delta Brands, Inc. (Delta) for breach of contract and account stated. In a Memorandum Opinion and Order dated August 5, 2004, we granted plaintiff summary judgment on its account-stated claim and denied it on the breach of contract claim. Because plaintiff sought the same relief for both counts, it moved for dismissal of the breach of contract claim and entry of final judgment on the account-stated claim. Defendant has now brought a motion to reconsider our grant of summary judgment. The motion is denied.

Motions for reconsideration serve to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.1987)(citing *Keene Corp. v. International Fidelity Insurance Co.,* 561 F.Supp. 656 (N.D.Ill. 1982)). Defendant argues that the court erred in interpreting two cases on which it relied in reaching its decision on plaintiff's summary judgment motion. First, defendant maintains that *Fabrica de Tejidos Imperial, S.A. v. Brandon Apparel Group, Inc.,* 218 F.Supp.2d 974 (N.D.Ill.2002) is distinguishable from the case before us and provides no support for our ruling. In *Fabrica de Tejidos Imperial, S.A.,* plaintiff brought claims of breach of contract and account stated against a defendant for failure to pay for delivered goods. The court held that there was no genuine issue of material fact as to the breach of contract claim and that plaintiff was entitled to

summary judgment. *Id.* at 978. After granting summary judgment as to the contract claim, the court defined an "account stated" and discussed the elements of such a claim. *Id.* at 978–79. Ultimately, the court dismissed the count as moot because "it is merely an alternate theory for proving the same damages asserted in a breach of contract claim." *Id.* Our opinion granting plaintiff summary judgment cited *Fabrica de Tejidos Imperial, S.A.* for its definition and explanation of an account stated. The court's holding did not rest on supposed similarities with the facts or outcome in that case. Though defendant makes much of the fact that the court in *Fabrica de Tejidos Imperial, S.A.,* found no genuine issue of material fact as to the breach of contract claim, while in this case BFG conceded there was a disputed issue of fact as to its contract claim, that distinction in no way precluded granting summary judgment on the account-stated claim.

 Defendant next asserts that summary judgment was improper because the existence of an account stated was in dispute and was an issue to be decided by a trier of fact. Defendant cites *W.E. Erickson Construction, Inc. v. Congress–Kenilworth Corp.,* 132 Ill.App.3d 260, 267, 87 Ill.Dec. 536, 477 N.E.2d 513, 519 (1st Dist. 1985), which we also cited in our opinion, in support of its argument. In that case, the court correctly stated, "[W]here the existence of an account stated is disputed, the issue of whether it exists is a fact question which, in a bench trial is properly resolved by the trial court." *Id.* at 268, 87 Ill.Dec. 536, 477 N.E.2d 513. However, as pointed out in our previous opinion, the affidavits of defendant's executive vice-president, dated July 26, 2004, do not create a dispute regarding the existence of an account stated. The court in *W.E. Erickson Construction, Inc.* noted, "Where a statement of account is rendered by one party to another and is retained by the latter beyond a reasonable time without objection, this constitutes a recognition by the latter of the correctness of the account and establishes an account stated." *Id.* at 267, 87 Ill.Dec. 536, 477 N.E.2d 513. Defendant provided no evidence that it objected within a reasonable time to its president's statement of account to BFG, and therefore it did not establish a genuine issue of material fact regarding the existence of an account stated.

## *CONCLUSION*

For the foregoing reasons, defendant's motion to reconsider is denied.